**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Mark Francis BELT,
Defendant–Appellee.**

No. 88–1017.

United States Court of Appeals,
Seventh Circuit.

Argued May 31, 1988.

Decided Aug. 23, 1988.

Joel V. Merkel, Asst. U.S. Atty., Frederick J. Hess, U.S. Atty., East St. Louis, Ill., for plaintiff-appellant.

Renee E. Schooley, Federal Defender Public, St. Louis, Mo., for defendant-appellee.

Before BAUER, Chief Judge, and CUMMINGS, and CUDAHY, Circuit Judges.

BAUER, Chief Judge.

On July 9, 1987, David Ahle telephoned the O'Fallon, Illinois Police Department from a friend's house and told police that, while at the friend's house, the defendant-appellee Mark Belt had threatened to "beat his ass and kill him." Ahle then left for the police station to file a report and sign a complaint. Belt, however, was waiting for Ahle at the exit of the subdivision in which Ahle's friend lived. According to Ahle, Belt tried to run Ahle off the road with Belt's black Pontiac Grand Prix. Later that day, Ahle completed a report of the incident and signed a complaint against Belt for simple assault.

The next day, Ahle contacted the police and told them that his brother had just seen Belt carrying a gun. After this phone call, an O'Fallon police officer on routine patrol saw Belt's Grand Prix parked in

front of a local tavern. After checking to make sure Belt owned the car, four police officers arrested Belt in the tavern. Officer Herman Fitch, the police department's shift supervisor when Belt was arrested, wanted to increase the charge against Belt from simple to aggravated assault because Belt had used his vehicle. Therefore, the police impounded Belt's car so Ahle and Ahle's friend at whose house the original threat occurred could identify it. Pursuant to the arrest and impoundment, police conducted an inventory search of the car. In the trunk, police found a loaded sawed-off shotgun and three hypodermic syringes.

On August 26, 1987, Belt was indicted for possessing an unregistered shotgun in violation of 26 U.S.C. § 5861(d) and for possessing a firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1). Before trial, Belt moved to suppress the sawed-off shotgun. On October 16, 1987, the district court, after an evidentiary hearing, granted Belt's motion. The government contends on appeal that the district court erred in doing so.

In Illinois, an aggravated assault is, *inter alia*, an assault committed with a deadly weapon, 38 Ill.Rev.Stat. ¶ 12–2(a)(1), and an automobile is, in certain circumstances, a deadly weapon, *People v. Crocket*, 13 Ill.App.2d 255, 141 N.E.2d 641 (1957). In addition, the O'Fallon, Illinois Police Department's impoundment policy provides:

> In all cases and arrests the officer shall check the vehicle for possible theft or wanted. If the vehicle is not stolen, *or required as evidence,* and is properly licensed, the subject shall be afforded three options: A. To have his vehicle towed to a police impoundment at his expense for towing and storage. B. To leave his vehicle parked at the curb when such parking would not be a violation, with the understanding that he assumes all risks including theft and vandalism (for a 24–hour limit). C. To turn his vehicle over to someone else....

(Emphasis added.) Thus, the government argues, Belt used his car as a "weapon" to commit an aggravated assault and the car, therefore, was required evidence under the

above impoundment policy and its impoundment was proper.

The district court saw things differently. It apparently believed that because the identification of the car or its driver was not at issue at the suppression hearing, the police had no reason to impound the car, and, therefore, deviated from the impoundment policy. Also, in making its ruling, the court expressed the view that the elevation of the charge against Belt from simple to aggravated assault and the subsequent impoundment of Belt's car to preserve evidence for the aggravated assault charge really was a subterfuge for finding the gun Ahle's brother allegedly had seen earlier in the day.

■ Belt urges us to affirm the district court's reasoning, but we cannot do so. To begin with, Belt conceded at oral argument that his vehicle was evidence of the assault that could bolster the government's case at trial if issues arose as to whether Belt was driving the car and/or whether it was, in fact, the car that drove Ahle off the road. Just because Ahle alleged and was quite certain that Belt was the driver of a black Pontiac Grand Prix that tried to run him off the road did not mean Belt could not deny those allegations at trial. If Belt chose to contest Ahle's allegations, Ahle's identification of Belt as the driver of the black Grand Prix *and* other evidence that Belt owned the black Grand Prix obtained from the impoundment of the vehicle would be admissible and supportive of the government's case. The police, therefore, certainly did not deviate from their policy in impounding Belt's car. Arguably, they were *required* to impound the vehicle.

■ Nevertheless, Belt urges us to draw the same inference drawn by the district court—that the impoundment of Belt's car to preserve evidence of the aggravated assault was really a ploy to search for the suspected gun—and affirm the suppression order on the ground that the impoundment was a subterfuge. We decline to do so. As Belt also conceded at oral argument, the district court did not explicitly find that the impoundment of the vehicle was a sub-

terfuge, and, absent such a finding below, we will not do so on appeal.

What we have, then, is a lawful impoundment of Belt's vehicle to preserve evidence of the aggravated assault, and Belt does not dispute that an inventory search of a lawfully impounded vehicle is appropriate. We therefore conclude that the district court erred in suppressing the gun.

REVERSED and remanded for further proceedings consistent with this opinion.